

555 Fifth Avenue 17th Floor
New York, New York 10017

212.856.7281 | direct
914.645.6005 | mobile
www.aldouspllc.com

Kenneth E. Aldous
kaldous@aldouspllc.com

April 23, 2021

**VIA ELECTRONIC CASE FILING**
**& ELECTRONIC TRANSMISSION**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Walkie Check Productions, LLC ["Walkie Check" or "Plaintiff"] v. ViacomCBS Inc., Black Entertainment Television LLC d/b/a BET Networks, and BET Productions IV, LLC ["Defendants"]* (S.D.N.Y. Case No. 1:21-cv-01214-KPF)

Dear Judge Failla:

We represent Plaintiff Walkie Check Productions, LLC in the above-referenced action and write, pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases (revised March 2, 2021) and Your Honor's Order, dated April 22, 2021 (Docket Entry ("DE") 16): (i) to advise Your Honor in advance of Plaintiff's anticipated motion, pursuant to Rules 1.6, 1.9, and 1.18 of the New York Rules of Professional Conduct and the general supervisory powers of this Court, to disqualify Defendants' counsel, Loeb & Loeb LLP (the "Loeb Firm"); and (ii) to set forth Plaintiff's position with respect to Defendants' April 19, 2021 request (DE 15) for a pre-motion conference in advance of an anticipated motion, pursuant to Fed. R. Civ. P 12(b)(6), to dismiss the Complaint.[1]

For the reasons set forth below, unless Plaintiff's disqualification motion is decided prior to any further proceedings – including, for example, the Loeb Firm's anticipated motion – Plaintiff will suffer severe and irreversible harm, arising from substantial and otherwise avoidable prejudice.

**Factual and Procedural Background**

Commencing in May 2015, Walkie Check's principals (*i.e.*, Joshua Lebowitz and Steven Lebowitz) worked jointly and closely with Tad Low (of Spin The Bottle ("STB")) to develop and produce "House Party" pilots for Defendants.

---

[1] Your Honor has scheduled an Initial Pretrial Conference on April 27, 2021 at 2:00 p.m. (EST) (DE 7, 13, 16). At a minimum, Plaintiff's anticipated disqualification motion should be addressed – as a critical matter of first importance – during the April 27 Conference.

Hon. Katherine Polk Failla
April 23, 2021
Page 2

In May and June 2016, Walkie Check and STB jointly worked on a draft agreement with Defendant BET Productions IV, LLC, in connection with which the Loeb Firm provided legal advice and assistance, including acting as the exclusive contact/point for the negotiations. (Complaint at ¶¶ 34-39.) The draft agreement contemplated that STB would be the counter-party and each of Walkie Check's principals and Mr. Low would act as co-Executive Producers of "House Party." Walkie Check was closely involved in STB's and the Loeb Firm's efforts to develop revised drafts of the agreement. In fact, the Loeb Firm negotiated with Defendants in an unsuccessful attempt to remove Walkie Check's principals and Mr. Low as counter-signatories to both the agreement and an attached nondisclosure agreement.[2] As a result, the Loeb Firm was fully aware of Walkie Check's involvement, as well as the fact it was providing Walkie Check – directly and/or via STB – with legal advice and assistance.

Furthermore, during the spring of 2020, after Walkie Check's and STB's dispute with Defendants came into focus, Walkie Check's common legal interest with STB led the Loeb Firm to provide legal advice and assistance, via STB, related to the development of the legal claims asserted in the Complaint. After closely and regularly coordinating with STB regarding the possibility of asserting formal legal claims against Defendants, on July 1, 2020, Mr. Low asked Walkie Check to provide a draft copy of the Complaint – a later version of which Walkie Check filed in this action – together with a copy of the copyright registration.[3]

On July 2, 2020, after meeting with counsel from the Loeb Firm to discuss the proposed action and draft Complaint, Mr. Low explained to Walkie Check he had decided not to join Walkie Check as a plaintiff in this action. In a follow-up confirmatory email (copying counsel from the Loeb Firm), Mr. Low shared with the Loeb Firm, among other things, detailed information regarding the parties' proposed joint legal action against Defendants (including but not limited to information directly related to Defendants' anticipated motion to dismiss).

Finally, in a July 15, 2020 email to Walkie Check's then-counsel, counsel from the Loeb Firm explained that "[o]ur firm is conflicted out of any litigation matter against Viacom or its affiliated companies. . . ." Prior to this email, however, neither Mr. Low nor the Loeb Firm had informed Walkie Check of any such conflict. Nor did the Loeb Firm either refuse to receive/review the draft Complaint or to provide legal advice/assistance regarding the planned action, even though it apparently was providing legal advice to the then-proposed plaintiffs in this action while contemporaneously representing Defendants. Thus, in providing its legal advice and assistance – not to mention its earlier negotiation of the draft agreement – the Loeb Firm clearly appears to have violated the very conflict referenced in its July 15 email.

---

[2] On its motion, Plaintiff intends to present evidence that, at all relevant times (*i.e.*, from May 2016 through July 2020), one or more of Defendants were clients of the Loeb Firm.

[3] Mr. Low explained he would be meeting with counsel from the Loeb Firm "to get his take." In response, Walkie Check shared the draft Complaint with Mr. Low, understanding he would be speaking with the Loeb Firm, explaining the Complaint was confidential, and agreeing to pause work (while, among other things, the Loeb Firm provided its advice).

Hon. Katherine Polk Failla
April 23, 2021
Page 3

**Substantial and Compelling Arguments Mandate Disqualification.**

Based on the totality of the foregoing facts and circumstances, the record emerges that, from 2016 through at least mid-2020, Walkie Check and STB shared a common legal interest, pursued a joint enterprise, and exchanged confidential information and legal advice/assistance – including legal advice from the Loeb Firm – related to the subject matter of this action. *See Merck Eprova AG v. Prothera, Inc.*, 670 F. Supp. 2d 201 (S.D.N.Y. 2009) (explaining that "[c]ourts have long recognized the existence of the attorney-client relationship among clients and attorneys allied in a common legal cause"), *citing*, *Hillerich & Bradsby*, 26 F. Supp. 2d 124, 126 (D.D.C. 1998).

What's more, even if the Court were to determine that Walkie Check is not a former (joint) client of the Loeb Firm, courts in this District have recognized that a non-client movant may have standing to seek disqualification, particularly where the movant can "demonstrate a personal interest in preserving the confidentiality of the information in possession of the law firm whose disqualification [i]s sought." *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 2002 WL 31307165 (S.D.N.Y. Oct. 29, 2002) (citation and quotation omitted); *but see Streichert v. Town of Chester, New York*, 2021 WL 735475 (S.D.N.Y. Feb. 25, 2021) (underscoring that several courts in the Second Circuit have conferred standing on movants who were not (former) clients of opposing counsel, while also noting some disagreement as to whether, under certain circumstances, non-client movants may seek disqualification).[4]

The logic underpinning the above-referenced case law is particularly compelling where a law firm ignores its most basic duty of loyalty to a prospective plaintiff, causing material harm to a prospective co-plaintiff while benefitting a planned defendant. Here, based directly on the Loeb Firm's strong (and conflicted) advice, Mr. Low and STB decided *not* to continue to work with Walkie Check in planning the action and preparing the draft Complaint. By convincing STB not to participate in the action, the Loeb Firm not only potentially adversely affected Walkie Check's ability to plan and prosecute its present claims against Defendants but it also substantially harmed an important and long-standing business relationship between Walkie Check and STB.

**Defendants' Request for a Pre-Motion-to-Dismiss Conference Should Be Denied Or, At a Minimum, Held in Abeyance, Pending Resolution of the Disqualification Motion.**

Walkie Check contests the merits of Defendants' anticipated motion to dismiss the Complaint. Because, however, strong legal and factual bases support Walkie Check's anticipated disqualification motion – including but not limited to the fact the Loeb Firm was made privy to confidential information bearing directly on Defendants' anticipated motion – Walkie Check takes the position its motion should be addressed immediately, as a matter of first importance.

With respect to the foregoing, Plaintiff Walkie Check reserves all of its rights, including its right to oppose, on the factual and legal merits, any dispositive motion (including but not limited to Defendants' anticipated motion to dismiss).

---

[4] Prior to this letter submission, Walkie Check and the Loeb Firm attempted to resolve these issues. As a professional courtesy, and at the specific request of the Loeb Firm, we are enclosing a copy of the Loeb Firm's letter, dated April 1, 2021.

Hon. Katherine Polk Failla
April 23, 2021
Page 4

Thank you very much for your time and attention to this submission.

Respectfully submitted,

     /s/ Kenneth E. Aldous

Enclosure

cc:     Wook Hwang, Esq. (with enclosure) (via electronic case filing & electronic transmission)



**MICHAEL P. ZWEIG**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  212.407.4960
**Main**   212.407.4000
**Fax**    212.208.2582
mzweig@loeb.com

Via E-mail (kaldous@aldouspllc.com)

April 1, 2021

Kenneth E. Aldous
Aldous PLLC
555 Fifth Avenue, 17th Floor
New York, New York 10017

Re:   *Walkie Check Productions, LLC v. ViacomCBS Inc. et al.*, No. 1:21-cv-01214-KPF

Dear Mr. Aldous:

As you know, Loeb & Loeb LLP ("Loeb") represents Defendants ViacomCBS Inc., Black Entertainment Television LLC and BET Productions IV, LLC (collectively, "Defendants") in the above action.  I write in my capacity as the firm's General Counsel to respond to your March 26, 2021 email to my partner Wook Hwang demanding that he and Loeb withdraw from its representation of Defendants in this case.

We have given your request the serious consideration any such request deserves.  However, we decline, at this time, to withdraw from our representation of Defendants.  As you are no doubt aware, "[m]otions to disqualify counsel are generally disfavored in this Circuit," *April Broad. v. Smith*, 1996 U.S. Dist. LEXIS 3594, at *6 (S.D.N.Y. Mar. 25, 1996), and the "party seeking to disqualify another party's chosen attorney faces a very heavy burden." *Doris v. Chase Manhattan Bank, N.A.*, 1994 U.S. Dist. LEXIS 8577, at *4 (S.D.N.Y. June 23, 1994).  This is particularly true where one party may be seeking, unjustifiably, to obtain a perceived tactical advantage through disqualification.  *See, e.g., Ritchie v. Gano*, 2008 U.S. Dist. LEXIS 67770, at *6 (S.D.N.Y. Sep. 8, 2008) ("drastic measure" of disqualification disfavored because, *inter alia*, "motions to disqualify are often interposed for tactical reasons").

While the factual assertions in your letter are quite general, I have conducted my own preliminary inquiry into the background here, and have found no factual circumstances evidencing any conflict that would warrant Loeb's withdrawal, or satisfy the "heavy burden" required of your client for disqualification.  Critically, as your March 26 email appears to acknowledge, there has never been an attorney-client relationship between Loeb and Walkie Check or any of its principals.  Not only was there no engagement letter, there are no communications reflecting any indicia of an attorney-client relationship.  Indeed, you cite no communications at all between Loeb and your client indicating otherwise.

The few communications that do exist reflect the opposite.  On July 15, 2020, your client's former counsel, Jonathan Borg, emailed Loeb attorney Marc Chamlin expressing the desire "to coordinate my efforts with you and ensure that *my client's* and *your client's* interests are properly protected in the anticipated litigation"—thereby acknowledging that Mr. Borg's representation of

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

20531715



Walkie Check and Loeb's representation of Mr. Low were (and remain) distinct. Mr. Chamlin responded, succinctly, that "[o]ur firm is conflicted out of any litigation matter against Viacom or its affiliated companies and will not be involved in any manner," immediately putting an end to any notion that Loeb could or would be involved in any matter on behalf of your client, *or* Mr. Low, adverse to Defendants. And, as you acknowledge yourself, Mr. Low voluntarily declined to join your client's efforts in this action. There is therefore no conflict with Mr. Low arising from our representation of Defendants in this action.

Under these circumstances, we are, candidly, surprised and troubled by your inaccurate assertion that Loeb is precluded from representing Defendants in the absence of any past or present attorney-client relationship with Walkie Check. *See, e.g., April Broad.*, 1996 U.S. Dist. LEXIS 3594, at *10 ("The threshold question [on DQ motion] is whether the party seeking disqualification is a former client at all."); *Doris*, 1994 U.S. Dist. LEXIS 8577, at *5 ("The Court declines to disqualify Proskauer because plaintiff has failed to meet its burden of establishing the existence of an attorney-client relationship between himself and Proskauer."). For the same reason, that Loeb briefly represented *Mr. Low* in connection with a draft agreement with BET of course does not create any conflict *with Walkie Check. See, e.g., April Broad.*, 1996 U.S. Dist. LEXIS 3594, at *13-15; *Ritchie*, 2008 U.S. Dist. LEXIS 67770, at *8-23.

We trust that the above satisfactorily addresses the concerns that prompted your letter. If you would like us to consider any additional information or authorities, please direct them to my attention and we will give them careful consideration.

However, please note that should you choose to move forward with a disqualification motion, Loeb and Defendants reserve their right to seek to recover the attorneys' fees incurred in connection with such motion because of what we perceive to be its lack of merit, based on the facts available to us. We urge that you reconsider your position, but should you elect to raise this matter with the Court, this correspondence should be included in your communications.

This letter is not intended to be a complete statement of Defendants' or Loeb's position regarding this matter, and is without prejudice to or waiver of Defendants' or Loeb's rights, all of which are expressly reserved.

Sincerely,

Michael P. Zweig
General Counsel

cc:    Wook Hwang